IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

Criminal No. 17-50057

RICHARD GARCIA                              DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the *pro* se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Defendant/Movant Richard Garcia ("Defendant"). (Doc. 40). The United States ("Government") has filed a Response. (Doc. 43). The matter is before the undersigned for issuance of this report and recommendation.

An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

**I.     BACKGROUND**

On October 25, 2017, Defendant was charged in a one count indictment for having been previously convicted of a crime punishable by imprisonment exceeding one year, and knowingly

possessing a firearm, which had been shipped or transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc.1).

On January 8, 2018, Defendant pled guilty to the one count indictment. (Doc. 16). One of the admissions of fact in the plea agreement was Defendant had been convicted of at least one felony offense and was therefore prohibited from possessing a firearm. Id. at ¶ 4(e).

An Initial Presentence Investigation Report ("PSIR") was submitted on March 7, 2018. (Doc. 17). The PSIR assessed a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A). Id. at ¶ 22. The PSIR recommended an increase of four levels for possessing a firearm or ammunition in connection with another felony offense. Id. at ¶ 23. The PSIR recommended a three level reduction for acceptance of responsibility, which gave Defendant a total offense level of 15. The PSIR indicated Defendant had a criminal history score of 23, which placed him in a criminal history category of VI. Id. at ¶ 94 . The maximum term of imprisonment was 10 years. Id. at ¶ 135. The PSIR indicated the guideline imprisonment range to be 41 to 51 months. Id. at ¶ 136.

Defendant appeared for sentencing on May 10, 2018. (Doc. 26). A judgment was entered sentencing Defendant to 66 months. (Doc. 27). Defendant was also sentenced to three years of supervised release; a $100 special assessment; and a $2,400.00 fine. The Court determined an upward variance was warranted after considering the advisory guidelines, the 18 U.S.C. § 3553(a) factors, as well as both aggravating and mitigating factors. (Doc. 28).

Defendant appealed to the United States Court of Appeals for the Eighth Circuit. United States v. Garcia, 773 Fed.Appx. 347 (8th Cir. 2019). On May 24, 2018, the Eighth Circuit appointed Defendant's counsel, Ms. Anna Williams, to represent Defendant in his appeal. (Doc. 34). On appeal, Defendant argued the District Court abused its discretion and imposed a

substantively unreasonable sentence when it varied upward based on giving undue weight to aggravating factors already reflected in the advisory guidelines and not properly considering mitigating factors. On September 6, 2019, the Eighth Circuit affirmed the District Court's sentence reiterating that factors taken into account when calculating the advisory guidelines can be used as a basis for varying upward. (Doc. 39). The Eighth Circuit found that the District Court thoroughly explained why an upward variance was warranted.

On October 11, 2019, Defendant filed the § 2255 motion currently before the Court asserting that he did not know it was against the law for him to possess a firearm. (Doc. 40).

## II.     DISCUSSION

Defendant seeks relief pursuant to the recent United States Supreme Court decision in Rehaif v. United States,139 S.Ct. 2191 (2019), asserting that he did not knowingly violate 18 U.S.C. § 922(g), because he was unaware that it was against the law for him to possess a firearm. (Doc. 40).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001)(citing Bousley v. United States, 523 U.S. 614, 622 (1998)). A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the

procedural default and actual prejudice resulting from the error. United States v. Frady, 456 U.S. 152, 167-68 (1982); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995).

With respect to cause and prejudice, Defendant's appeal to the Eighth Circuit was pending when the Supreme Court decided Rehaif. Defendant could have but did not seek permission to assert an additional argument on appeal pursuant to Rehaif prior to the Eighth Circuit affirming the District Court. Furthermore, in collateral proceedings, "actual innocence" requires a defendant to show that "in light of all the evidence it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. at 623. With the exception of Defendant making a bare claim on the matter, Defendant has also not demonstrated his actual innocence. In fact, one of the admissions of fact in the plea agreement is that Defendant had been convicted of at least one felony offense and was therefore prohibited from possessing a firearm. Defendant cannot show cause and prejudice or actual innocence, therefore his claim is procedurally defaulted.

As to the merits, Defendant's reliance on Rehaif, in asserting that he did not know it was against the law for him to possess a firearm is misplaced. "Until recently, possession of a firearm by a convicted felon required the Government to prove three elements: '(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce.'" United States v. Parsons, 946 F.3d 1011, 1014 (8th Cir. 2020) (quoting United States v. Montgomery, 701 F.3d 1218, 1221 (8th Cir. 2012)). However, the Supreme Court recently added an additional element, requiring that the government prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S.Ct. at 2200. Unlike the petitioner in Rehaif, Defendant is a convicted felon who has served multiple sentences of more than one year. (Doc. 17, ¶¶ 57, 60, 62, 88, 90). Furthermore, one of the admissions of fact that Defendant admitted

to in the plea agreement was that he had been convicted of at least one felony offense and was therefore prohibited from possessing firearms. (Doc. 16 at ¶ 4(e); Doc. 35, p. 20). The facts in this case leave no doubt that Defendant knew he belonged to the relevant category of persons barred from possessing firearms. United States v. Cox, 796 Fed. Appx. 322, 323 (8th Cir. 2020) (unpublished per curiam) (concluding defendant could not show Rehaif error affected his substantial rights because, inter alia, he had other convictions resulting in years of imprisonment); United States v. Hollingshed, 940 F.3d 410, 415-16 (8th Cir. 2019) (finding that a defendant who had served over four years' imprisonment could not show that any error affected his substantial rights). Accordingly, Defendant's claim is without merit.

### III.  CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's motion to vacate filed pursuant to 28 U.S.C. § 2255 be DENIED and his petition be DISMISSED.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of August 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE